UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

                                    **MEMORANDUM OPINION
                                    AND ORDER**

Jerald Wynn Boitnott,                  Criminal No. 87-11  ADM

        Defendant.

_____

Robert M. Lewis, Esq., United States Attorney's Office, Minneapolis, MN, for Plaintiff.

Jerald Wynn Boitnott, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for a ruling on Defendant Jerald Wynn Boitnott's ("Boitnott") Emergency Motion for Sentence Clarification [Docket No. 20] ("Motion").  Boitnott seeks a nunc pro tunc order clarifying his federal sentence imposed by then-United States District Judge James M. Rosenbaum on May 29, 1987.  Based on a review of the file, record and proceedings herein, Boitnott's federal sentence did not commence until he was received in federal custody and his federal sentence could not have run concurrently with his state sentence, and his Motion is denied.

## II. BACKGROUND

Boitnott was arrested by federal authorities on January 15, 1987, pursuant to a federal complaint filed the same day.  Docket Sheet Entries [Docket No. 18].  Boitnott was released on bond on January 16, 1987.  Id.  On April 14, 1987, while on federal bond,

Boitnott was arrested and charged with murder by the State of Minnesota.  <u>See</u> Mot. Ex. 2 ("State Sentencing Transcript, April 11, 1988").  On April 20, 1987, Boitnott pled guilty in federal court to the use of a communication facility to facilitate the distribution of a controlled substance in violation of 21 U.S.C. § 843(b).  <u>See</u> Docket Sheet Entries.  Boitnott avers that the United States Marshal filed a detainer with Benton County Sheriff's Office on May 13, 1987, and took him into federal custody at that time.  <u>See</u> Mot. 2.  Boitnott was sentenced by Judge Rosenbaum on May 29, 1987.  <u>See</u> Docket Sheet Entries.  Boitnott appeared in federal court for his plea and sentencing pursuant to a writ of habeas corpus ad prosequendum.  <u>Id.</u>  He remained in state custody awaiting his state court trial.  <u>Id.</u>  Judge Rosenbaum sentenced Boitnott to thirty months in the federal case.  <u>Id.</u>  Judge Rosenbaum stated that Boitnott "face[d] extraordinarily serious matters in a different forum," but ordered that he be given credit for time served for his federal sentence, "order[ing] that [he] be given credit, for [his] service as having commenced on May 13, 1987."  Mot. Ex. 1 at 4–5.

At the time of his federal sentencing, Boitnott was not subject to any other sentence, although he was in state custody awaiting his state court murder trial.  He was tried and ultimately convicted of first-degree felony murder in Minnesota state court in early 1988 and was sentenced to a life term on April 11, 1988, with full credit for time served since April 14, 1987.  <u>See</u> State Sent. Tr., April 11, 1988, at 15–16.  After his release from state custody on January 26, 2012, Boitnott was taken into federal custody by U.S. Marshals and is presently an inmate of the Bureau of Prisons at Sandstone, Minnesota.  Change of Address Notice [Docket No. 22].  On January 27, 2012, Boitnott filed this Motion.

### III.  DISCUSSION

Boitnott seeks "a nunc pro tunc clarification of the federal sentencing court's intent when it imposed the sentence."  Reply Mem. [Docket No. 24] 1.  "The function of a nunc pro tunc order is to correct clerical or ministerial errors, or to reduce an oral or written opinion to judgment."  United States v. Suarez-Perez, 484 F.3d 537, 541 (8th Cir. 2007).  A nunc pro tunc order is not to make substantive changes affecting a party's rights.  Id.  The Bureau of Prisons ("BOP") has the authority to make designations that retroactively make federal sentences concurrent to state sentences.  Fegans v. United States, 506 F.3d 1101, 1103 (8th Cir. 2007).

Boitnott contends his federal sentence began running on May 29, 1987, and that he should be given credit for the time he served in state custody pursuant to Judge Rosenbaum's oral order.  See Mot. 3.  However, Boitnott misinterprets Judge Rosenbaum's order.  Judge Rosenbaum orally ordered that Boitnott receive credit for the time already served in federal custody, not for a prospective state sentence.  See Mot. Ex. 1 at 4–5.  Because Boitnott was later convicted in state court and credited for his time served (including the time of his federal proceedings), he was not in federal custody from April 14, 1987, to May 29, 1987 — he was in state custody.   Boitnott was only transferred temporarily on a writ of habeas corpus ad prosequendum to attend his plea and hearings in federal court.

Here, the United States obtained primary jurisdiction over Boitnott on January 15, 1987, by arresting him on charges related to the federal complaint.  He remained in federal custody for two days — until January 16, 1987 — at which time he was released on bond.  Docket Sheet Entries at 2.  When an individual is released from federal custody

on bond, "at that time, the federal government [has] relinquished its primary jurisdiction over [the person]."  United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005).  On April 14, 1987, the State of Minnesota obtained primary jurisdiction over Boitnott by arresting him on the unrelated charge of murder.  Minnesota did not thereafter lose its jurisdiction by "loaning" Boitnott to federal authorities for his plea on April 20, 1987, and sentencing on May 29, 1987.  See Cole, 416 F.3d at 897 (8th Cir. 2005) ("If . . . a defendant is transferred to [an]other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." ).  In fact, the State of Minnesota credited Boitnott for his time served from April 14, 1987, through April 11, 1988.

The presumption in Minnesota state courts is that, absent an express statement otherwise, sentences run concurrently.  See State v. Wakefield, 263 N.W.2d 76, 77 (Minn. 1978) ("If the court does not [specify a sentence is consecutive], the sentences shall run concurrently.").  The presumption in federal courts is the opposite, with sentences running consecutively unless expressly made concurrent.  "A sentence to a term of [federal] imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  Because Boitnott returned to state custody after his federal sentencing on May 29, 1987, instead of being committed to BOP custody to commence service of the sentence, he did not begin to serve his federal sentence at that time.  Cole, 416 F.3d at 897.  Additionally, Judge Rosenbaum could not have expressly ordered Boitnott's federal sentence to run concurrently with his state sentence, because at the time of federal

4

5

sentencing Boitnott had not yet been convicted in state court. Accordingly, Boitnott's federal sentence was consecutive to his state sentence and did not begin to run until he was received at the facility designated by the BOP in 2012.

## IV. CONCLUSION

Based upon all the files, records and proceedings herein, IT IS HEREBY ORDERED that Boitnott's Motion [Docket No. 20] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated: March 13, 2012.